IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARLOS BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| DANTE M. CLAY, TERRY H. SMITH, DANIEL E. WARREN, UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF CHICAGO, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

NOW COMES Plaintiff, MARLOS BISHOP, by his attorneys, DANIEL S. ALEXANDER and KURT H. FEUER, and complaining of Defendants, DANTE M. CLAY, Star No. 17684, TERRY SMITH, Star No. 5387, DANIEL E. WARREN, Star No. 17444, UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF CHICAGO, and states as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of egregious police misconduct and abuse more fully described below, Plaintiff has suffered physical, economic and other injuries.

## Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331 and pendent jurisdiction over Plaintiff's state law claims.

4. Venue is proper under 28 U.S.C. Section 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## The Parties

5. Plaintiff, Marlos Bishop, was at all relevant times a citizen of the United States and a resident of Cook County, Illinois. Plaintiff resides in Chicago, and is employed as a bouncer at J&S Rock Steady Lounge (the "Bar") in Chicago, Illinois.

6. Defendant City of Chicago is an Illinois municipal corporation, and is and/or was the employer of the Defendant Officers. The City of Chicago is responsible for the acts of the Defendant Officers while employed by the Chicago Police Department and while acting within the scope of their employment.

7. Officers Dante M. Clay, Terry H. Smith, and Daniel E. Warren (the "Defendant Officers) were at all relevant times officers of the Chicago Police Department acting within the scope of their employment with the police department.

## Background

8. On or about December 27, 2010, at approximately 12:30 a.m., Plaintiff was working at the Bar.

9. A patron at the Bar had an apparent seizure, and an ambulance was called.

10. After the paramedics arrived, an argument between patrons occurred, and approximately two dozen police officers, including the Defendant Officers, arrived at the Bar.

11. The police announced that they were shutting down the Bar and that everyone had to leave.

12. One of the patrons, Rico Smith, began arguing with the police, and officers grabbed him, handcuffed him, and arrested him.

13. The Defendant Officers told Plaintiff he had to leave, and Plaintiff told them he worked at the Bar and had to help close it up and get his coat.

14. Plaintiff turned to walk to the back door of the bar to lock it, and was tased by two of the Defendant Officers, upon information and belief Officers Clay and Smith. Plaintiff was first hit once in the arm and then twice more, once again in the arm and in the back.

15. Plaintiff was able to pull the taser wires out of his body and went into the men's room.

16. Before emerging from the men's room, Plaintiff told the officers he was coming out peacefully and not to tase him again.

17. When Plaintiff emerged from the bathroom, he was tased again, upon information and belief by Officer Warren, and was then grabbed by the Defendant Officers and thrown to the floor.

18. While on the floor, the Defendant Officers kicked Plaintiff numerous times, and Plaintiff heard a white male supervisor (a "white shirt," *i.e.* a sergeant or higher rank) yelling at the officers to stop. The officers then handcuffed Plaintiff and got him to his feet.

19. Plaintiff was taken to the police station, and after arriving the supervisor who was at the Bar asked Plaintiff if he wanted to be charged with a misdemeanor or a felony. Plaintiff stated that he just wanted to go home, but the supervisor told him he was not going home, but would be charged with a misdemeanor if he cleaned the blood off of his face or a felony if he did not. Plaintiff said he would clean off his face, and the supervisor gave him some wet paper towels to do so.

20. Plaintiff told the supervisor that he needed medical attention, and the supervisor told him that if he wanted to be seen by a doctor he would be charged with a felony.

4

21. Plaintiff told the supervisor that he would not demand to be taken to the hospital.

22. Plaintiff was charged with several misdemeanors, including assault charges filed by Officers Clay and Smith, and released on an I-Bond at approximately 11:30 that morning.

23. Plaintiff subsequently filed a complaint with IPRA, and the investigator took photos of Plaintiff's injuries, including the burns on his arm and back from the tasers.

24. Plaintiff hired a criminal defense lawyer to defend against the charges brought by the police, and paid said lawyer approximately $2,500.

25. All of the charges against Plaintiff were dismissed.

### Count I -- 42 U.S.C. Section 1983
### Excessive Force

26. Plaintiff realleges by this reference paragraphs 1 through 25 of this Complaint as if restated fully herein.

27. As described above, the Defendant Officers intentionally and without any cause, physically abused Plaintiff by repeatedly tasering him and beating him.

28. As a result of said Defendant's unjustified and excessive use of force, Plaintiff suffered physical injury, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

5

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officers, to enter a judgment for punitive damages against said Officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### Count II -- 42 U.S.C. 1983
### Claim For False Detention, Arrest, and Imprisonment

30. Plaintiff realleges by this reference paragraphs 1 through 25 of this Complaint as if restated fully herein.

31. The actions of the Defendant Officers in falsely detaining, arresting and imprisoning Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment rights to be free from unreasonable search and seizure under the United States Constitution, and thus violated 42 U.S.C. 1983.

32. The actions of the Defendant Officers were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights, suffering, mental distress, and other injury, as set forth more fully above.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officers, to enter a judgment for punitive damages against said Officers, to

award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III-- State Law Claim
### Indemnification

33. Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. The Defendant Officers are or were employees of the Chicago Police Department and City of Chicago, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the City of Chicago, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff, Marlos Bishop, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

7

RESPECTFULLY SUBMITTED:

[s] Kurt H. Feuer

Kurt H. Feuer
Law Office of Kurt H. Feuer
312 N. May Street, Suite 100
Chicago, IL 60607
(312) 265-2208

Daniel S. Alexander
Law Offices of Daniel S. Alexander
820 W. Jackson Blvd., Suite 300
Chicago, IL 60607
(312) 263-8005

CERTIFICATE OF SERVICE

I, Kurt H. Feuer, an attorney, hereby certify that I served a true and correct copy of the foregoing Amended Complaint on all counsel of record by notice of electronic filing on June 26, 2012.

s/ Kurt H. Feuer

8